UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD D. ROBINSON,

    Petitioner,

v.

SHAWN BREWER,

    Respondent.
_____/

Case No. 2:16-cv-11925

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
DISMISSING THE HABEAS PETITION,
DENYING A CERTIFICATE OF APPEALABILITY, AND
<u>DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

Michigan prisoner Todd Douglas Robinson filed a habeas petition pursuant to 28 U.S.C. § 2254. After trial in Jackson County Circuit Court, a jury convicted Robinson of first-degree murder and possession of a firearm during the commission of a felony. In 2013, he was sentenced to consecutive terms of life imprisonment without parole and two years' imprisonment. Robinson's pro se petition raises several claims, including three claims alleging that his trial counsel was ineffective for failing to object to jury instructions.

Upon review of the petition, it is apparent to the Court that Robinson has not properly exhausted his state court remedies as to his three ineffective assistance of counsel claims related to the jury instructions. The Court will therefore dismiss the petition for writ of habeas corpus without prejudice, deny Robinson a certificate of appealability, and deny Petitioner leave to proceed in forma pauperis on appeal.

**BACKGROUND**

Following his convictions and sentencing, Robinson filed an appeal of right with the Michigan Court of Appeals raising numerous claims. The Michigan Court of Appeals

1

remanded the case to the trial court for an evidentiary hearing. On remand, the trial court conducted the requisite hearing and denied the request for a new trial. The Michigan Court of Appeals thereafter denied relief on Robinson's claims and affirmed his convictions. *People v. Robinson*, No. 317282, 2015 WL 3604464 (Mich. Ct. App. June 9, 2015) (unpublished). Robinson then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, and subsequently moved to amend the application to add the three claims concerning the effectiveness of trial counsel for failing to object to the jury instructions. The Michigan Supreme Court granted the motion to amend, but denied leave to appeal in a standard order. *People v. Robinson*, 499 Mich. 861 (2016). Robinson signed his habeas petition on May 23, 2016. Respondent filed an answer contending that the ineffective assistance of trial counsel claims related to the jury instructions may be unexhausted and, regardless, that all claims lack merit.

## DISCUSSION

I.   The Habeas Petition

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). A habeas petitioner must present each claim to the state courts prior to seeking federal habeas review from a federal court. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). The claims must also be

2

presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner must prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Robinson has not met his burden of proving exhaustion. Robinson did not present his three habeas claims concerning trial counsel's failure to object to the jury instructions to the Michigan Court of Appeals. Rather, he first raised those claims before the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to a state supreme court does not fulfill the requirement of "fair presentation." *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Hickey v. Hoffner*, 701 F. App'x 422, 425 (6th Cir. 2017). The Michigan Supreme Court's grant of leave for Robinson to amend does not alter that conclusion. "Unless the state supreme court actually grants leave to appeal and reviews the issue, [the claim] remains unexhausted in the state courts." *Carroll v. Harry*, No. 2:16-CV-13298, 2018 WL 1088073, *2 (E.D. Mich. Feb. 28, 2018) (citation omitted). Robinson has thus failed to properly exhaust three of his five habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus that contains both exhausted and unexhausted claims. The petitioner is left "with the choice of returning to state court to exhaust his claims or of amending [and] resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Although the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite. *Castille*, 489 U.S. at 349. Exceptions exist,

for example, if pursuit of the unexhausted claim in a state court would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). In limited circumstances and in its discretion, a federal district court may stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts. *See Rhines v. Weber*, 544 U.S. 269, 276–77 (2005).

Here, no exceptions to dismissal of mixed petitions or limited circumstances exist. The Court, therefore, does not need to address the merits of the claims or stay the proceedings. Robinson has available remedies in the Michigan courts, which he must exhaust. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted issues in the state appellate courts as necessary.

Moreover, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Robinson as long as he pursues his state court remedies in a prompt fashion. The one-year period does not begin to run until 90 days after the conclusion of direct appeal. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The one-year limitation will be tolled during the pendency of properly-filed state post-conviction or collateral actions, 28 U.S.C. § 2244(d)(2), and the Court equitably tolls the time that a habeas petition is pending in a federal court, *see e.g. Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088–89 (E.D. Mich. 2004).

The statute of limitations in the present case began to run on May 3, 2016—90 days after the Michigan Supreme Court denied Robinson's leave to appeal. The statute

of limitations ran until May 23, 2016 when Robinson placed his federal habeas petition in the mail. Accordingly, only 20 days of the one-year statute of limitations had expired at the time Robinson instituted this action. Given that more than 300 days of the one-year period remain, Robinson has ample time to fully exhaust all of his claims in the state courts and return to federal court should he wish to do so.

II. Certificate of Appealability and In Forma Pauperis Appeal

Before Robinson may appeal this decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should be issued if it is shown that reasonable jurists could debate whether the petitioner states a valid claim of the denial of a constitutional right and debate whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court will deny a certificate of appealability. The Court will also deny leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that if Petitioner wishes to amend his petition for writ of habeas corpus, delete his unexhausted claims, and proceed only on his exhausted claims, that he may move to **REOPEN** the case within 30 days of the date of this Order.

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner a certificate of appealability.

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: March 30, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2018, by electronic and/or ordinary mail.

                                                s/ David Parker
                                                Case Manager